UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTWAIN EUGENE BLAKE,**

**Plaintiff,**

v.   Case No:  6:19-CV-2101-ORL-18DCI

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## REPORT AND RECOMMENDATION

Antwain Eugene Blake (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) ceasing Claimant's disability benefits. Doc. 1; R. 12–32. Claimant argues that the Administrative Law Judge (ALJ) erred because substantial evidence did not support the ALJ's determination that Claimant had the residual functional capacity (RFC) to perform light work with some additional non-exertional limitations (Doc. 25 at 12) and because the ALJ improperly relied on the testimony of the Vocational Expert (VE) (*id.* at 22).  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

   I.   **The ALJ's Decision**

Claimant applied for disability insurance benefits and received them on July 10, 2012. R. 89, 90–100. On April 7, 2016, the Social Security Administration informed Claimant that his disability had ceased. R. 118–22. Upon reconsideration, a hearing officer issued a decision ceasing Claimant's disability benefits. R. 135–42. On December 12, 2016, Claimant requested a hearing before an ALJ. R. 152–53. On September 6, 2018, the ALJ conducted a hearing. R. 33–

67. On December 3, 2018, the ALJ issued a decision finding that Claimant's disability ended on April 7, 2016, as a result of Claimant's medical improvement since the comparison point decision (CPD). R. 12–32. In the ALJ's decision, the ALJ found that Claimant continued to have a severe impairment or combination of impairments since April 7, 2016. R. 19. The ALJ also found that Claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. R. 17.

The ALJ found that, since April 7, 2016, Claimant had an RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some additional limitations.[1] R. 20. Specifically, the ALJ found as follows:

> Based on the impairments present since April 7, 2016, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) including the ability to sit, stand and walk 6 hours each in an 8-hour workday and lift and carry 20 pounds occasionally and 10 pounds or less more frequently. He could use his arms/hands and feet for the use of arm/hand and foot controls on an occasional basis. He could climb ramps and stairs occasionally, but never climb ladders, ropes and scaffolds. He could perform all other postural movements on a frequent basis. He has no limitations in reaching, handling, fingering or feeling or in seeing, hearing and speaking. Environmentally, he needs to avoid work at unprotected heights. Due to mental restrictions, the claimant is limited to work that is done in a well-structured work environment, performing unskilled and semiskilled work where duties remain the same from day to day. He could interact with supervisors, coworkers, and the public on an occasional or less basis. He needs to avoid strict production goals or quota type work and he would work better with things rather than with other people.

*Id.* The ALJ posed a hypothetical question to the VE consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing as an assembler,

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

marker, laundry worker, table worker, or final assembler, jobs that exist in the national economy. R. 32–66.  The ALJ found that Claimant was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and concluded that, since April 7, 2016, Claimant was not disabled.  R. 26.

Claimant requested Appeals Council review of this decision; the Appeals council denied Claimant's request.  R. 1–6.  On November 3, 2019, Claimant filed a complaint requesting that the court remand the case for further proceedings.  Doc. 1 (the Complaint).

## II.     Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'"  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its]

judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. Discussion

Claimant argues that: 1) the ALJ erred in making the RFC determination after failing to adequately weigh and consider the opinion of the Veteran's Administration (the VA) (Doc. 25 at 12, 14, 15); and 2) the ALJ improperly relied on the testimony of the VE after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations (*id.* at 22). The Commissioner argues that: 1) substantial evidence supports the ALJ's finding that Claimant experienced medical improvement such that Claimant had been able to perform a reduced range of light work since April 7, 2016 (*id.* at 16, 18, 19); and 2) the ALJ presented a hypothetical question to the VE comprised of all Claimant's supported limitations, as described in the RFC (*id.* at 24).

#### 1. The ALJ Properly Formulated Claimant's RFC.

Upon review, the undersigned finds that the ALJ properly formulated Claimant's RFC because the ALJ adequately considered Claimant's VA disability rating. R. 22–23. Furthermore, the ALJ cited substantial evidence in support of the ALJ's finding that Claimant experienced medical improvement such that Claimant had not been disabled since April 7, 2016. R. 20–24.

#### A. Considering a VA Disability Rating

"'Although the V.A.'s disability rating is not binding . . . it is evidence that should be given great weight.'" *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quoting *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) (per curiam))); *see also DePaepe v. Richardson*, 464 F.2d 92, 101 (5th Cir. 1972) (holding that a hearing examiner committed reversible error by not giving any consideration in his

findings to a claimant's VA disability rating because "[w]hile such a rating is not binding . . . it is evidence that should be considered and is entitled to great weight"). A VA disability rating is a "factor to be considered but it is not controlling." *Skeels v. Richardson*, 453 F.2d 882, 883 (5th Cir. 1972) (per curiam) (citations omitted). In *Skeels*, the Fifth Circuit held that a hearing examiner gave full weight to a claimant's medical history with the VA because the hearing examiner acknowledged that the claimant was receiving one hundred percent disability rating from the VA but determined that rating not to be controlling when viewed in relation to more recent medical evaluations. *Id.*

In *Noble v. Comm'r of Soc. Sec.*, No. 8:17-cv-01452-TGW, ___ F.3d ___, 2020 WL 3525540, at *9 (11th Cir. June 30, 2020), the Eleventh Circuit resolved the seeming inconsistency between the "great weight" standard of *DePaepe* and *Brady* and the "factor to be considered" standard of *Skeels*. In *Noble*, the Eleventh Circuit held that the "great weight" standard is an exception to the general rule that an ALJ is not required to specifically refer to every piece of evidence in the ALJ's decision; the "great weight" standard requires that the ALJ discuss another agency's decision that a claimant is disabled. *Id.* (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). The reviewing court must consider two questions in deciding whether an ALJ who declined to follow another agency's decision that a claimant was disabled properly considered that agency's finding: the reviewing court must ask 1) whether the ALJ's decision shows that he or she considered the other agency's decision and 2) whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. *Id.* If either the ALJ did not consider the other agency's decision or there is not substantial evidence in the record to support the ALJ's decision to depart from the other agency's decision, then the reviewing court must remand the case to the Commissioner. *Id.* Otherwise, if the ALJ considered the other agency's

decision and substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision, then the ALJ's decision should be affirmed. *Id.* The Eleventh Circuit affirmed the ALJ's decision in *Noble*, holding that "[s]ubstantial evidence support[ed] the ALJ's conclusion because the medical evidence in this case, including physical examinations and diagnostic imaging that postdated the VA's decision, showed that Noble experienced only mild limitations." *Id.* at *10.

However, the Social Security Administration considers evidence of medical improvement in a different light:

> For purposes of determining whether medical improvement has occurred, [the Social Security Administration] will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.

20 C.F.R. § 1594(b)(7). "Medical improvement is any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 1594(b)(1). While the Eleventh Circuit "has held that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement," *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citing *Vaugh v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984)), previous findings of disability by other agencies from before the most recent favorable medical decision are not relevant to the issue of medical improvement because it does not bear on whether there was "any *decrease* in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision." 20 C.F.R. § 1594(b)(1) (emphasis added); *see, e.g.*, *Parrish v. Comm'r of Soc. Sec.*, 334 F. App'x 200, 202 (11th Cir. 2009) (per curiam).

In *Parrish*, an ALJ found that a formerly disabled claimant experienced medical improvement such that the claimant was no longer disabled. *Id.* at 201. In making that decision, the ALJ excluded Claimant's receipt of state workers' compensation benefits from the ALJ's evaluation. *Id.* The Eleventh Circuit noted that the findings of disability by another agency, although not binding on the Commissioner, are entitled to great weight but held that the ALJ did not err in excluding the claimant's state workers' compensation benefits because those benefits were awarded five years before the ALJ's finding of medical improvement and termination of disability insurance benefits. *Id.* at 201, 202. The Court reasoned that, because the claimant's state workers' compensation benefits had been granted so long before the decision, they had "little, if any, relevance to the determination of medical improvement and termination of disability." *Id.* at 202.

### B. The ALJ Adequately Considered Claimant's VA Disability Rating.

Here, Claimant argues that the ALJ did not appropriately consider Claimant's VA disability rating because the ALJ did not discuss Claimant's VA disability rating at all. Doc. 25 at 12, 14, 15. The Commissioner argues that Claimant's VA disability rating was too remote in time to be relevant to the question of whether Claimant remained disabled on or after April 7, 2016. *Id.* at 18. Contrary to Claimant's arguments, the ALJ properly considered and evaluated the evidence of record that related to the relevant time period in determining Plaintiff was not disabled after experiencing medical improvement in April 2016. R. 18–26; *see* 20 C.F.R. § 404.1594(b), (c), (f). The ALJ's supposed failure to discuss or weigh a VA rating that was made four years before April 2016, and in fact, was made before the CPD finding, does not constitute reversible error or otherwise warrant remand. R. 18, 90–100, 245–70.

The VA rated Claimant one hundred percent disabled before the CPD finding and four years before the date on which the ALJ found that medical improvement had occurred. R. 18, 90–100, 245–70. The VA made its decision to rate Claimant as one hundred percent disabled on July 2, 2012. R. 245–70. The CPD finding, which was dated July 10, 2012, was that Claimant was disabled beginning on August 1, 2009. R. 90–100. The ALJ found that Claimant had experienced medical improvement rendering Claimant no longer disabled starting on April 7, 2016. R. 12–32. Just as in *Parrish*, the VA rated Claimant one hundred percent disabled "well before the finding of medical improvement and termination of benefits." *Parrish*, 334 F. App'x at 202; R. 12–32, 245–70. As in *Parrish*, the VA's disability rating has "little, if any, relevance to the determination of medical improvement and termination of disability." *Parrish*, 334 F. App'x at 202.

Also, the ALJ did in fact discuss Claimant's VA disability rating. R. 22. The ALJ stated, "the claimant received 100 percent veteran's disability for psychosis." *Id.* The ALJ discussed the VA's disability rating along with the VA's progress notes and treating source records in deciding that Claimant had experienced medical improvement since the CPD. R. 22–23. Specifically, the ALJ noted that:

> Likewise, the progress notes from the Veterans Administration from October 2016 through August 2017 consistently show fairly benign mental status findings, reported good response to prescribed psychotropic medications and no ongoing mental complaints (Exhibits B14F, B17F). Notably, the claimant received 100 percent veteran's disability for psychosis. The monthly progress notes dated October 2016 indicate that the claimant effectively completed all parts of his care plan and he was found appropriate for discharge from case management (Exhibit B14F/71, 88). The progress notes from this source consistently show that the claimant was doing well on his prescribed psychotic medications and injection therapy, Invega, every 3 months, denying psychotic symptoms (Exhibit B8F/9-13, B13F/35-40, 64-68, 81, 95-100; B14F/17-20, 35-30 [sic], 55; B17F/15-19, B19F/22-26, 39-42, 80-84). While he appeared mildly anxious in January 2017 related to an inability to locate some military records, no other abnormal mental status findings were indicated. Notably, the claimant reported doing "ok" in March 2017 and he continued to deny suicidal or homicidal ideations and hallucinations during evaluations from March to August 2017. His mood remained euthymic and

>he acknowledged eating and sleeping well (Exhibits B14F/16-18; B17F/16, 37). His attention, concentration and memory remained normal. He had no complaints, describing a restful sleep and good energy.
>
>In addition, the treating source records from the Veterans Administration from September 2017 to May 2018 continue to show the claimant's good response to his medication and injection therapy for his mental symptoms (Exhibit B19F). The mental status findings throughout this period consistently indicate a euthymic and stable mood, denying hallucinations, suicidal or homicidal ideations or paranoia. His energy was good, although he reported some difficulty with concentration and making decisions when evaluated in May 2018. He also reported forgetfulness with recent memory; however, he continued to describe feeling fine during the mental status evaluations. His treatment regimen remained unchanged with prescribed psychotropic medication, as well as injection therapy every 3 months.

R. 22–23.

Thus, even if the *Parrish* limitation on the relevance of past findings of disability by other agencies does not apply here, the undersigned finds that the ALJ adequately considered Claimant's VA disability rating in formulating Claimant's RFC. First, the ALJ showed that he considered Claimant's VA disability rating when the ALJ noted that "the claimant received 100 percent veteran's disability for psychosis." R. 22. Second, the ALJ's decision was supported by the substantial evidence the ALJ discussed, including not only Claimant's VA disability rating, but also other treatment and progress notes from the VA after the VA rated Claimant one hundred percent disabled. R. 22–23. Just as in *Noble*, medical evidence that postdated the VA's decision showed that Claimant was not disabled and constitutes substantial evidence. Therefore, the ALJ considered Claimant's VA disability rating and cited substantial evidence in support of the ALJ's decision to depart from the VA's determination that Claimant was one hundred percent disabled.

### C. Substantial Evidence Supported the RFC Determination.

The Commissioner argues that substantial evidence supported the ALJ's finding that Claimant experienced medical improvement such that Claimant has been able to perform a reduced range of light work since April 7, 2016. Doc. 25 at 16, 18, 19. Specifically, the Commissioner

argues that the ALJ's finding was supported by the effectiveness of Claimant's treatment (Doc. 25 at 17 (citing R. 19, 1052); Doc. 25 at 20 (citing R. 22–23, 942, 1052, 1137, 1244, 1261, 1368–69, 1419)), Claimant's mental examinations (Doc. 25 at 17 (citing R. 19, 1054); Doc. 25 at 19–20 (citing R. 22–23, 944, 971, 995, 1054, 1140, 1262, 1299, 1314, 1370–71, 1420–21, 1437, 1478)), and Claimant's daily activities (Doc. 25 at 17 (citing R. 19, 310–14, 1052)).

The undersigned finds that the RFC determination was supported by substantial evidence. As the Commissioner argues (and Claimant does not contest), the ALJ cited the effectiveness of Claimant's treatment, Claimant's mental examinations, and Claimant's daily activities in support of the RFC determination. With respect to the effectiveness of Claimant's treatments, the ALJ noted that Claimant's progress notes from the VA dated April 2016 showed that Claimant was doing well and that Claimant acknowledged he was "doing pretty good" on his current treatment regimen (R. 22 (citing R. 1052)); Claimant acknowledged that his prescribed psychotropic medications control his symptoms (R. 23); and Claimant declined therapy in May 2017 (R. 23).

With respect to Claimant's mental examinations, Claimant denied a depressed mood (R. 22); Claimant reported occasional, but not sustained, anxiety (R. 22); although Claimant's concentration was brief, Claimant reported good energy and normal attention (R. 22); Claimant had no mania or hypomania, euthymic mood, intact memory, fair judgment and insight, and no anger or agitation despite mild paranoia (R. 22); the State agency psychologist found that medical improvement occurred and Claimant was no longer disabled (R. 23 (citing R. 101–14)); and the State agency psychologist found Claimant to have no more than moderate limitations in social functioning and in maintaining concentration, persistence, and pace, and the ability to perform simple and repetitive tasks (R. 23 (citing (R. 1077–94)).

With respect to Claimant's daily activities, Claimant was able to go to the gym, play basketball, read, go to the library, live independently, go to the beach, go to church, go to bible study, and make money (testifying he would be capable of performing in a "monitoring position"). R. 22, 23 (citing R. 1242–44). Because a reasonable person would accept the evidence the ALJ cited as adequate to support the conclusion that the Claimant experienced medical improvement such that Claimant had not been disabled since April 7, 2016, the evidence that the ALJ cited constituted substantial evidence. *See Foote*, 67 F.3d at 1560; *see also Riggs v. Soc. Sec. Admin., Comm'r*, 522 F. App'x 509, 511 (11th Cir. 2013) (per curiam) (holding that an ALJ's conclusion that a claimant could perform light work with minor restrictions despite the claimant's mental impairments was supported by substantial evidence because a mental examination showed that the claimant's mood and affect were stable and the claimant had the ability to understand, remember, and follow through with simple, routine work instructions and interact with coworkers); *Wood v. Soc. Sec. Admin., Comm'r*, 726 F. App'x 742, 745 (11th Cir. 2018) (per curiam) (holding that an ALJ's conclusion that a claimant could perform light work with some additional limitations was supported by substantial evidence when that conclusion was supported by evidence that the claimant's symptoms could be managed if he took his prescribed medication and managed his blood sugar and evidence in the form of the claimant's daily activities, showing that the claimant could maintain concentration for up to two hours).

**2. The ALJ Did Not Improperly Rely on the VE's Testimony.**

Claimant argues that the ALJ improperly relied on the VE's testimony after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations. Doc. 25 at 22. Claimant admits that the ALJ posed a hypothetical question to the VE with the same limitations as those in the RFC. *Id.* at 23 (citing R. 63–64). The essence of Claimant's argument

is that the ALJ did not properly weigh the opinions of the VA in formulating Claimant's RFC, and, therefore, the hypothetical that the ALJ posed to the VE was not supported by the record. *Id.* at 24. The Commissioner argues that the ALJ presented a hypothetical question to the VE that was consistent with the RFC and supported by the medical and other evidence of record, so the VE's response constituted substantial evidence in support of the ALJ's finding that Claimant could perform work in the national economy. *Id.* at 24–25 (citing R. 25–26, 63–65).

"In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619–20 (11th Cir. 1987) (per curiam)); *see also Brenem v. Harris*, 621 F.2d 688, 690 (11th Cir. 1980) (per curiam) (holding that a reviewing court could not assume that a VE was aware of all of a claimant's impairments when the medical records submitted to the VE made ample reference to impairments that were not explicitly included in the hypothetical question posed to the VE). However, "the ALJ [is] not required to include findings in the hypothetical that the ALJ ha[s] properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam).

Here, Claimant's second argument relies on Claimant's first argument that the ALJ failed to properly consider Claimant's VA disability. As discussed above, the ALJ did adequately discuss Claimant's VA disability rating. Because the ALJ included all of Claimant's limitations that were supported by the record in the hypothetical question to the VE, the VE's testimony based on that hypothetical question constituted substantial evidence in support of the ALJ's conclusion that Claimant had not been disabled since April 7, 2016. *See Crawford*, 363 F.3d at 1161.

### IV.     Conclusion

For the reasons stated above, it is respectfully **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant and close the case.

**Recommended** in Orlando, Florida on July 23, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Hearings Operations
Bldg 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224